## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **RAUL MANCERA-VERA**, **RAUL MANCERA-VALDIVIA**, **EMILIANO DELGADO**, **FRANCISCO CHAVEZ**, and **RODRIGO SANCHEZ**, on behalf of himself and all other employees similarly situated, known and unknown, | | Civil Action |
| Plaintiffs, | | |
| v. | | |
| **CASTLE DEVELOPMENT, INC.**, an Illinois corporation, **CASTLE REALTY GROUP, INC.**, an Illinois corporation, **CASTLE MANAGEMENT GROUP, INC.**, an Illinois corporation, **THE FINE LINE GROUP, INC.**, an Illinois corporation, **CRG ASSOCIATES, LLC**, an Illinois limited liability company, **CRG INVESTMENTS, SERIES LLC a/k/a CRG Investments, LLC**, an Illinois limited liability company, **FRANK LOPEZ**, individually, and **IGNACIO VILLASENIOR, JR.**, individually, | No. | FILED: JULY 15, 2008<br>08CV4003<br>JUDGE LEINENWEBER<br>MAGISTRATE JUDGE MASON<br>TG |
| Defendants. | | JURY DEMAND |

## COMPLAINT

NOW COME the plaintiffs, RAUL MANCERA-VERA, RAUL MANCERA-VALDIVIA, EMILIANO DELGADO, FRANCISCO CHAVEZ, and RODRIGO SANCHEZ, (collectively, the "Plaintiffs"), on behalf of themselves and all other employees similarly situated, known and unknown, by and through their attorneys of record, complaining of the defendants, CASTLE DEVELOPMENT, INC. ("CASTLE DEVELOPMENT") an Illinois corporation, CASTLE REALTY GROUP, INC.

("CASTLE REALTY"), an Illinois corporation, CASTLE MANAGEMENT GROUP, INC. ("CASTLE MANAGEMENT"), an Illinois corporation, THE FINE LINE GROUP, INC. ("FINE LINE"), an Illinois corporation, CRG ASSOCIATES, LLC ("CRG ASSOCIATES"), an Illinois limited liability company, CRG INVESTMENTS, SERIES LLC a/k/a CRG Investments, LLC ("CRG INVESTMENTS"), an Illinois limited liability company, FRANK LOPEZ ("LOPEZ"), individually, and IGNACIO VILLASENIOR, JR. ("VILLASENIOR"), individually, (collectively the "Defendants"), and pleading hypothetically and in the alternative, alleges as follows:

## I.    **INTRODUCTION**

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiffs, and to other similarly situated employees of the Defendants (the "Plaintiff Class"). The Plaintiffs and the Plaintiff Class routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for those hours, as the FLSA requires. In Count I, the Plaintiff brings claims pursuant to Section 216(b) of the FLSA.

2.    In Counts II and III, the Plaintiffs bring supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq.* The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

II.   **THE PARTIES**

3.    The Plaintiffs are all individuals domiciled in the State of Illinois, and reside within this judicial district.

4.    The following defendants are individuals domiciled in Illinois who, upon information and belief, reside within this judicial district: a) LOPEZ; and b) VILLASENIOR.

5.    FINE LINE is an Illinois corporation whose registered offices are located within this judicial district.

6.    CRG ASSOCIATES is an Illinois limited liability company whose registered offices are located within this judicial district.

7.    CRG INVESTMENTS is a dissolved Illinois limited liability company whose registered offices were at all times relevant to this complaint located within this judicial district.

8.    The following defendants are dissolved Illinois corporations whose registered offices were, at all times relevant to this complaint, each located within this judicial district: a) CASTLE DEVELOPMENT; b) CASTLE REALTY; and c) CASTLE MANAGEMENT.

9.    At all times relevant to this action, LOPEZ is and was FINE LINE's president.

10.    At all times relevant to this action, LOPEZ is and was a manager of CRG ASSOCIATES.

11.    At all times relevant to this action, the following defendants were members of CRG INVESTMENTS: a) LOPEZ; and b) VILLASENIOR.

3

12.     At all times relevant to this action, VILLASENIOR was CASTLE DEVELOPMENT's president.

13.     At all times relevant to this action, LOPEZ was CASTLE REALTY's president.

14.     At all times relevant to this action, LOPEZ was CASTLE MANAGEMENT's president.

15.     Upon information and belief, LOPEZ holds, or has held at times relevant to this action, an ownership interest in the following defendants: a) FINE LINE; b) CRG ASSOCIATES; c) CRG INVESTMENTS; d) CASTLE DEVELOPMENT; e) CASTLE REALTY; and f) CASTLE MANAGEMENT.

16.     Upon information and belief, VILLASENIOR holds, or has held at times relevant to this action, an ownership interest in the following defendants: a) FINE LINE; b) CRG ASSOCIATES; c) CRG INVESTMENTS; d) CASTLE DEVELOPMENT; e) CASTLE REALTY; and f) CASTLE MANAGEMENT.

17.     Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of FINE LINE's day-to-day operations: a) LOPEZ; and b) VILLASENIOR.

18.     Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CRG ASSOCIATES' day-to-day operations: a) LOPEZ; and b) VILLASENIOR.

19.     Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CRG INVESTMENTS' day-to-day operations: a) LOPEZ; and b) VILLASENIOR.

4

20.     Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CASTLE DEVELOPMENT's day-to-day operations: a) LOPEZ; and b) VILLASENIOR.

21.     Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CASTLE REALTY's day-to-day operations: a) LOPEZ; and b) VILLASENIOR.

22.     Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CASTLE MANAGEMENT's day-to-day operations: a) LOPEZ; and b) VILLASENIOR.

## III.  JURISDICTION AND VENUE

23.     Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. § 1331.

24.     Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

25.     Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

26.     Further, venue is proper pursuant to 28 U.S.C. § 1391, as the individual defendants reside within this judicial district, and the corporate (and LLC) defendants have their registered offices and principle places of business within this judicial district.

## IV.  STATUTORY CONSENT

27.     The Plaintiff bring this case as a collective action under the FLSA on behalf of himself and the Plaintiff Class, and in accord with Section 16(b) of the FLSA, the Plaintiffs have given written consent to bring such an action.

28.    The Plaintiffs' Notices of Consent are incorporated herein by reference and attached hereto as **Exhibit A**.

**V.    GENERAL ALLEGATIONS**

29.    The Defendants employed the Plaintiffs at various times in the past three years, to wit:

   a. RAUL MANCERA-VERA was employed by one or more of the Defendants from on or about November 1, 2006, to on or about Septemper 1, 2007;

   b. RAUL MANCERA-VALDIVIA was employed by one or more of the Defendants from on or about November 1, 2005, to on or about September 1, 2007;

   c. EMILIANO DELGADO was employed by one or more of the Defendants from on or about November 1, 2005, to on or about September 1, 2007;

   d. FRANCISCO CHAVEZ was employed by one or more of the Defendants from on or about March 1, 2005, to on or about September 1, 2007; and

   e. RODRIGO SANCHEZ was employed by one or more of the Defendants from on or about October 1, 2006, to on or about September 1, 2007.

30.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee

plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

31.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer", within the meaning of Section 3(c) of the IMWL in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

32.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, operated, controlled, and/or constituted an enterprise within the meaning of Section 3(r) of the FLSA (the "Enterprise"), which provided construction services within this judicial district:

33.    At various times relevant to this action, the Enterprise undertook numerous construction projects in this judicial district.

34.    One or more of the Defendants continue(s) to operate the Enterprise to this day.

35.    The employee members of the Plaintiff Class were routinely traded amongst the several construction projects controlled by the Enterprise, indicating common control of the several projects.

36.    At all times relevant to this action, the Plaintiff and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

37.    At all times relevant to this action, the Plaintiff and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(d) of the IMWL.

38.    During the course of his employment by the Defendants, the Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

39.    At all times relevant to this action, the Defendants, and/or the Enterprise controlled by the Defendants, engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

40.    During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the FLSA.

41.    During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the IMWL.

42.    The Plaintiff and the Plaintiff Class were routinely directed by the Defendants to work, and did so work, in excess of 40 hours per week.

## COUNT I
### (Violation of the FLSA)

43.    The Plaintiffs hereby re-allege the foregoing allegations.

44.    The Defendants violated the FLSA by failing to pay the Plaintiffs and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

45.     The Defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

WHEREFORE the Plaintiffs, on behalf of themselves and all other employees similarly situated, known and unknown, pray for judgment in their favor and against the defendants, CASTLE DEVELOPMENT, INC., CASTLE REALTY GROUP, INC., CASTLE MANAGEMENT GROUP, INC., THE FINE LINE GROUP, INC., CRG ASSOCIATES, LLC, CRG INVESTMENTS, SERIES LLC a/k/a CRG Investments, LLC, FRANK LOPEZ, and IGNACIO VILLASENIOR, JR., and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory liquidated damages as allowed by the FLSA;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection;

E. an order directing the defendants to, within 14 days of the entry of said order, provide the names and addresses of all persons currently or formerly employed by the defendants from January 1, 2005, through the present;

F. an order authorizing Plaintiffs to provide notice of this action to members of the putative class of "opt-in" plaintiffs in a form substantially similar to that which is attached hereto as **Exhibit B**;

G. an order authorizing Plaintiffs to mail "opt-in" consent forms to members of the putative class in a form substantially similar to that which is attached hereto as **Exhibit C**; and

H.  such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

46.     The Plaintiffs hereby re-allege the foregoing allegations.

47.     The Defendants violated the IMWL by failing to pay the Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed.

48.     The Defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

WHEREFORE the Plaintiffs pray for judgment in their favor and against the defendants, CASTLE DEVELOPMENT, INC., CASTLE REALTY GROUP, INC., CASTLE MANAGEMENT GROUP, INC., THE FINE LINE GROUP, INC., CRG ASSOCIATES, LLC, CRG INVESTMENTS, SERIES LLC a/k/a CRG Investments, LLC, FRANK LOPEZ, and IGNACIO VILLASENIOR, JR., and each of them, and for the following relief:

A.  damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B.  statutory punitive damages as allowed by the IMWL;

C.  interest on all amounts awarded;

D.  reasonable attorneys' fees, together with costs of suit and collection; and

E.  such further relief as may be fair and just in the premises.

**COUNT III**
**(IWPCA and AFWAA claims)**

49.     The Plaintiffs hereby re-allege the foregoing allegations.

50.     The Defendants violated the IWPCA by:

    a.  failing to pay the plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

    b.  failing to pay the plaintiffs certain wages either weekly or biweekly; and/or

    c.  failing to pay the plaintiffs certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE the Plaintiffs pray for judgment in their favor and against the defendants, CASTLE DEVELOPMENT, INC., CASTLE REALTY GROUP, INC., CASTLE MANAGEMENT GROUP, INC., THE FINE LINE GROUP, INC., CRG ASSOCIATES, LLC, CRG INVESTMENTS, SERIES LLC a/k/a CRG Investments, LLC, FRANK LOPEZ, and IGNACIO VILLASENIOR, JR., and each of them, and for the following relief:

    A.  an order commanding the defendants to pay the plaintiffs any and all overtime compensation the defendants owe the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

    B.  interest on all amounts awarded;

    C.  reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

    D.  such further relief as may be fair and just in the premises.

## **JURY DEMAND**

NOW COME the Plaintiffs, on behalf of themselves and all other employees similarly situated, known and unknown, by and through their attorneys of record, and hereby demand trial by jury of all issues set forth herein.

Roy P. Amatore, Esq.                              Respectfully submitted,
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.            /s/Paul Luka
120 S. State Street · Suite 400                  PAUL LUKA ARDC #6288860
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against CASTLE DEVELOPMENT, INC., FRANK LOPEZ, and any other person who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

RAUL MANCERA VERA

## **CONSENT TO BE A PARTY PLAINTIFF**

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against CASTLE DEVELOPMENT, INC., FRANK LOPEZ, and any other person who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

RAUL MANCERA VALDIVIA

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against CASTLE DEVELOPMENT, INC., FRANK LOPEZ, and any other person who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

*Emiliano Delgado*
EMILIANO DELGADO SALGADO

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against CASTLE DEVELOPMENT, INC., FRANK LOPEZ, and any other person who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

Francisco chavez Roldán
FRANCISCO CHAVEZ

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against CASTLE DEVELOPMENT, INC., FRANK LOPEZ, and any other person who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

RODRIGO SANCHEZ SÁNCHEZ

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **RAUL MANCERA-VERA**, **RAUL MANCERA-VALDIVIA**, **EMILIANO DELGADO**, **FRANCISCO CHAVEZ**, and **RODRIGO SANCHEZ**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>**CASTLE DEVELOPMENT, INC.**, an Illinois corporation, **CASTLE REALTY GROUP, INC.**, an Illinois corporation, **CASTLE MANAGEMENT GROUP, INC.**, an Illinois corporation, **THE FINE LINE GROUP, INC.**, an Illinois corporation, **CRG ASSOCIATES, LLC**, an Illinois limited liability company, **CRG INVESTMENTS, SERIES LLC a/k/a CRG Investments, LLC**, an Illinois limited liability company, **FRANK LOPEZ**, individually, and **IGNACIO VILLASENIOR, JR.**, individually,<br><br>　　　　　　　Defendants. | No. |

**NOTICE OF A LAWSUIT CLAIMING OVERTIME**
**WAGES UNDER THE FAIR LABOR STANDARDS ACT**

**TO:** **Persons who have been employed as hourly employees by one of the defendants at any time between June 1, 2005, and the present, and who believe they were not compensated at a rate of one and one-half times their regular rate for any hours they worked in excess of forty (40) in a workweek.**

**I.** **INTRODUCTION**

The purpose of this Notice is to: (1) advise you that a lawsuit has been filed against CASTLE DEVELOPMENT, INC., CASTLE REALTY GROUP, INC., CASTLE MANAGEMENT GROUP, INC., THE FINE LINE GROUP, INC., CRG ASSOCIATES, LLC, CRG INVESTMENTS, SERIES LLC a/k/a CRG Investments, LLC, FRANK LOPEZ, and IGNACIO VILLASENIOR, JR. ("Defendants"); (2) advise you

1

of your right to join this lawsuit; and (3) instruct you on the procedure for joining this lawsuit if you choose to do so.  Nothing in this Notice should be viewed as an admission of wrongdoing.

## II.    DESCRIPTION OF THE LAWSUIT

The plaintiffs, RAUL MANCERA-VERA, RAUL MANCERA-VALDIVIA, EMILIANO DELGADO, FRANCISCO CHAVEZ, and RODRIGO SANCHEZ ("Plaintiffs"), have brought this lawsuit against the Defendants, claiming that they and other similarly situated individuals worked in excess of  forty (40) hours for the Defendants and did not receive one and one-half times their regular hourly rate of pay for those hours over forty (40). The Defendants deny the Plaintiffs' claims.

The Federal Fair Labor Standards Act generally requires that employees be paid overtime pay at a rate of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in any one work week.  The Plaintiffs seek to recover overtime pay for the three (3) years prior to the filing of this lawsuit. The Plaintiffs also seeks an additional equal amount as liquidated damages and attorneys' fees and costs.

The Plaintiffs believe that his claims against the Defendants have merit.  The Defendants deny that they violated the law. There has been no determination by any Court as to the truth of the factual and legal allegations made against the Defendants.

## III.   WHO MAY JOIN THIS LAWSUIT

If you are currently employed by one of the Defendants as an hourly employee or, if at any time since June 1, 2005, you have been employed by one of the Defendants as an hourly employee and believe that you did not receive overtime pay for hours you worked for Defendants in excess of forty (40) hours in a workweek as described above, you have a right to join this lawsuit as a party plaintiff.  It is entirely your decision whether or not to join this lawsuit.  You are not required to join this case or take any action unless you want to.  It is completely voluntary.  If you have not worked more than forty (40) hours in any week or if you simply do not desire to join this lawsuit for any reason, you need not complete any form or do anything at all.  The Court has decided that the information you have received in this Notice is sufficient for you to make a decision as to whether you wish to join the case.  Neither the Defendants nor the attorney now representing the Plaintiffs will be able to give you additional information regarding your decision to join the case.

## IV.   HOW TO JOIN THIS LAWSUIT

If you have been employed by one of the Defendants as an hourly employee at any time between **June 1, 2005, and the present**, and believe that you have not received overtime compensation at a rate of one and one-half times your regular rate for hours worked in excess of forty (40) in a workweek, you may join this suit (that is, you may "opt in" to the lawsuit) by:

      a.     completing the enclosed Notice of Consent to Become a Party Plaintiff form *(the yellow form enclosed)*;

**AND**

2

b.    mailing the completed Notice of Consent to the Plaintiff's counsel at the following address:

**CASTLE DEVELOPMENT Consent Form**
**c/o Amatore & Associates**
**120 S. State Street/Suite 400**
**Chicago, Illinois 60603**

**DEADLINE:**    In order for you to participate as a Plaintiff in this case, the fully completed Notice of Consent must be received by Plaintiff's Counsel and filed with the Clerk of the Court no later than **[TO BE DETERMINED]**.

**Any delay in such delivery, or any failure to deliver the Consent form, will be your responsibility, and you would not become a plaintiff in this case.**

If you send a Consent form, your continued right to participate in this suit may depend upon a later decision by the District Court that you are a proper plaintiff in accordance with federal law.

## V.    EFFECT OF JOINING OR NOT JOINING THIS SUIT

If you join this lawsuit by filing your Consent, you will be bound by any judgment the Court makes on the issues involved, whether it is favorable or unfavorable to you.

If you choose not to join this lawsuit, you will not be affected by any judgment made by the Court in this case or any action taken by the parties in this case.  If you choose not to join in this lawsuit, you are free to file your own lawsuit or do nothing.

## VI.    NO RETALIATION AGAINST YOU IS PERMITTED

If you presently work for any of the Defendants, Federal law prohibits Defendants from retaliating against you by discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the Fair Labor Standards Act.

## VII.    YOUR LEGAL REPRESENTATION IF YOU JOIN

The Plaintiffs' attorneys, Amatore & Associates, P.C. (120 S. State Street, Suite 400, Chicago, IL. 60603), will represent you should you elect to join this suit as a plaintiff, unless you otherwise decide to select someone else to represent you.  Your attorneys are entitled to receive payment of attorneys' fees and costs from the Defendants if Plaintiffs are successful in this lawsuit.

## VIII.    FURTHER INFORMATION

Further information about this suit may be obtained by reviewing the court file at 219 S. Dearborn Street, Chicago, Illinois, United States District Court Clerk's Office, 20th Floor.

3

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES. PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RAUL MANCERA-VERA**, **RAUL MANCERA-VALDIVIA**, **EMILIANO DELGADO**, **FRANCISCO CHAVEZ**, and **RODRIGO SANCHEZ**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>v.<br><br>**CASTLE DEVELOPMENT, INC.**, an Illinois corporation, **CASTLE REALTY GROUP, INC.**, an Illinois corporation, **CASTLE MANAGEMENT GROUP, INC.**, an Illinois corporation, **THE FINE LINE GROUP, INC.**, an Illinois corporation, **CRG ASSOCIATES, LLC**, an Illinois limited liability company, **CRG INVESTMENTS, SERIES LLC a/k/a CRG Investments, LLC**, an Illinois limited liability company, **FRANK LOPEZ**, individually, and **IGNACIO VILLASENIOR, JR.**, individually,<br><br>        Defendants. | No. |

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A LAWSUIT TO
RECOVER OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT**
*(This form must be completed in ink, not pencil)*

This Document is to be sent to:    **CASTLE DEVELOPMENT Consent Form
c/o Amatore & Associates
120 S. State Street/Suite 400
Chicago, Illinois 60603**

      I hereby consent to become a plaintiff in the above captioned case filed against the named defendants, CASTLE DEVELOPMENT, INC., CASTLE REALTY GROUP, INC., CASTLE MANAGEMENT GROUP, INC., THE FINE LINE GROUP, INC., CRG ASSOCIATES, LLC, CRG INVESTMENTS, SERIES LLC a/k/a CRG Investments, LLC,  FRANK LOPEZ, and IGNACIO VILLASENIOR, JR. ("Defendants"), under the Fair Labor Standards Act.  I attest

1

*Mancera v. Castle Development*
CONSENT FORM

that I either am now or, have been at some time since June 1, 2005, an hourly employee for one of the Defendants.

My name is:

_____

*Please Print Name*

My address is:

_____

*Street Address*

_____

*City, State, Zip Code*

My telephone number is:

_____

*Home*

Dates Employed:    Start:                    End:

Location(s) Employed:    _____

_____

My Signature:    _____

*Please Sign name*

Date on which I signed
this Notice:    _____

*Today's Date*

2